UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CLEVELAND MCCRAE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>HAMILTON JACOBS & ASSOCIATES,<br><br>Defendant. | <u>CIVIL ACTION</u><br><br>**CLASS ACTION COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff Cleveland Mccrae ("Plaintiff"), a North Carolina resident, brings this action against Defendant Hamilton Jacobs & Associates LLC ("Defendant" or "HJA"), both on an individual basis and on the behalf of all others similarly situated, pursuant to Fed. R. Civ. P. Rule 23, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. In 1977 Congress enacted Title 15 of the United States Code § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA") in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id*. Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive

debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.*; § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who failed to comply with the Act. *Id.*; § 1692k.

3. In determining whether a collection letter violates the FDCPA, courts in the Fourth Circuit apply the "least sophisticated consumer standard." United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 136 (4th Cir. 1996). In applying this objective standard, it is not relevant whether the particular debtor was confused by the communication that was received.

4. North Carolina law includes a number of law and rules affecting debt collection, as well as statutes specifically directed at debt collection practices that are similar to the FDCPA. *See* McWirther v. Telecheck Servs., Inc., No. 3:99CV216MU, 1999 WL 33261239, at *3 (W.D.N.C. Dec. 1, 1999). These laws are found mainly in Chapters 58 and 75 of the North Carolina General Statutes.

5. The North Carolina Debt Collection Act ("NCDCA") prohibits unfair, deceptive, or fraudulent practices in the collection of debts. *See* N.C. Gen. Stat. § 75-51. The NCDCA also prohibits, *inter alia*, an attempt to collect a debt by use of unconscionable means, including but not limited to seeking or obtaining an acknowledgement of a debt barred by the statute of limitations. *Id.* § 75-55(1).

6. The North Carolina Collection Agency Act specifically governs the conduct of debt collectors. *See* N.C. Gen. Stat. § 58-70-1 to -155. Article 70 of Chapter 58 requires, *inter alia,* that those conducting or operating a debt collection agency be duly licensed having procured a debt collection permit. N.C. Gen. Stat. § 58-70-1. All collection agencies so licensed are required to list the permit number and true name and address of such collection agency on all correspondence

with debtors. N.C. Gen. Stat. § 58-70-50.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides and where a substantial part of the events or omissions giving rise to the claim occurred.

## PARTIES

9. Plaintiff is a natural person and a resident of Charlotte, North Carolina.

10. Plaintiff is a "Consumer" as defined by 15 U.S.C. §1692(a)(3) and under N.C. Gen. Stat. § 75-50(1).

11. Defendant, upon information and belief, is a limited liability corporation formed on or about January 30, 2019. Defendant's principal place of business is located in Dover, Delaware. Defendant may be served with process upon A Registered Agent, Inc., its registered agent for service of process at 8 the Green, Suite A, Dover, Delaware 19901.

12. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile, and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

13. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6) and under N.C. Gen. Stat. § 75-50(3).

14. Defendant, upon information and belief, is not a licensed collection agency with the North Carolina Department of Insurance, as it does not possess a license issued by the North Carolina Department of Insurance.

## CLASS ALLEGATIONS

15. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

16. The Class consists of:

(a) all individuals with addresses in the state of North Carolina;

(b) to whom Defendant HJA sent a collection letter attempting to collect a time-barred consumer debt;

(c) without disclosing whether the debt was time-barred or that any partial payment may result in the revival of an otherwise time-barred debt;

(d) which letter was sent on or after a date one (1) year prior to the filing of this action.

17. Excluded from the Class are Defendant and all officers, members, partners, managers, directors, and employees of Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers, in the forms attached as Exhibit

A, violate the FDCPA and/or the NCDCA.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy**: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor Plaintiff's counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

20. Depending on the outcome of further investigation and discovery, Plaintiff reserves the right to amend the class definition.

## STATEMENT OF FACTS

21. Some time prior to January 2016, an obligation was allegedly incurred to Wachovia/Wells Fargo (the "Debt").

22. The alleged Wachovia/Wells Fargo obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23. The alleged Wachovia/Wells Fargo obligation is a "debt" as defined by 15 U.S.C.§1692a(5) and under N.C. Gen. Stat. § 75-50(2).

24. Wachovia/Wells Fargo is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. At an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

26. On or about June 12, 2020, Defendant sent a collection letter (the "Letter") to Plaintiff regarding the alleged debt. *See* Exhibit A.

27. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Plaintiff received the Letter and read it.

29. The Letter stated an outstanding balance of $862.31.

30. The Letter contained account details related to the alleged debt and contained the statement "Litigation Notice" and further threatened that a recommendation to file a lawsuit against Plaintiff in connection with the Debt was "being processed."

31. The Letter contained the statement: "This is an attempt to collect a debt and any information will be used for that purpose. This communication is from a debt collector."

32. The statute of limitations for the Debt is three (3) years. The statute of limitations for the

Debt expired prior to the date of the Letter, June 12, 2020.

33. The Letter containing a demand for payment of the Debt was sent to Plaintiff after expiration of the statute of limitations.

34. Making payment on a time-barred debt may revive Plaintiff's otherwise time-barred debt and expose Plaintiff to further attempts to collect the debt.

35. Notwithstanding the expiration of the statute of limitations to sue to recover the Debt, the Letter fails to inform Plaintiff and the least sophisticated consumer that no legal action could be brought against him in order to recover the Debt.

36. Notwithstanding the expiration of the statute of limitations to sue to recover the Debt prior to the time Defendants sent Plaintiff the Letter, the Letter fails to inform Plaintiff and the least sophisticated consumer that any partial payment may result in the revival of an otherwise time-barred debt.

37. As a result of the omissions set forth above, the Letter would materially mislead Plaintiff and the least sophisticated consumer to believe that the time-barred debt is legally enforceable.

38. As a result of the omissions set forth above, the letters would materially mislead Plaintiff and the least sophisticated consumer to believe that making a partial payment would not revive the otherwise time-barred debt.

39. Upon information and belief, Defendant is not a law firm and does not provide legal services.

40. The Letter contains threats of legal action intended to induce Plaintiff and the least sophisticated consumer to acknowledge the debt and promptly send payment to Defendant, notwithstanding the time-barred nature of the debt.

41. The legal action threatened by Defendant against Plaintiff in order to collect the Debt was barred by the applicable statute of limitations.

## COUNT I

## VIOLATIONS OF THE NORTH CAROLINA DEBT COLLECTION ACT
## N.C. GEN. STAT. § 75-50 *et seq.*

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the NCDCA, including but not limited to the following:

    a. Threatening legal action barred by the applicable statute of limitations in violation of N.C. Gen. Stat. § 75-51;

    b. Falsely representing the character, amount, extent, disposition, and/or legal status of the loan, as prohibited by N.C. Gen. Stat. § 75-54; and

    c. Using unconscionable means in an attempt to collect a debt by seeking an acknowledgement of a debt barred by the applicable statute of limitations in violation of N.C. Gen. Stat. § 75-55.

44. The aforementioned actions displayed by Defendant constitute deceptive, unconscionable and unfair conduct proscribed by N.C. Gen. Stat. § 75-1.1, the natural consequence of which is to deceive, mislead and harass Plaintiff in connection with the Debt, in violation of the NCDCA.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 75-50 *et seq*. of the NCDCA, and Plaintiff is entitled to recover from Defendant actual damages, statutory damages of not less than five hundred dollars ($500) nor greater than four thousand dollars ($4,000) for each violation of the NCDCA pursuant

to N.C. Gen. Stat. § 75-56, and costs and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1 and 75-56.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. Defendant violated said section by:

    a. Falsely representing the character or legal status of the debt in violation of § 1692e(2)(a);

    b. Threatening to take legal action that would otherwise be barred by the applicable statute of limitations in violation of § 1692e(5); and

    c. Making a false and misleading representations in violation of § 1692e(10).

50. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representative and the undersigned as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 24, 2020

/s/ Randy Emory
RANDY EMORY
THE EMORY LAW FIRM, P.C.
11020 David Taylor Drive, Suite 102
Charlotte, NC 28262
Telephone: 704/371-4333
Fax: 704/371-3015
N.C. State Bar No. 17161
Email: remory@theemorylawfirm.com

**COHEN & MIZRAHI LLP**
JOSEPH H. MIZRAHI
JONATHAN B. WEISS (pro hac vice forthcoming)
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
joseph@cml.legal
jonathan@cml.legal

*Attorneys for Plaintiff*